UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| REBECCA BRANUM, individually, and on behalf of all other similarly situated consumers,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC.<br><br>　　　　Defendant. | Case No.:<br><br><br>COMPLAINT --<br>CLASS ACTION |

Plaintiff, Rebecca Branum, individually and on behalf of all other similarly situated consumers, by and through undersigned counsel, hereby alleges against Defendant Midland Credit Management, Inc., as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendants violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff Rebecca Branum, ("Plaintiff") is a natural person, who at all relevant times has resided in Senath, Missouri, and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.      Defendant is a corporation that regularly does business in Connecticut with its principal place of business located at 2365 Northside Dr., #300, San Diego, California 92108, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6.      Ms. Branum allegedly incurred debts through purchases originating from credit cards with Synchrony Bank, which were used for personal, household, and familial purpose.

7.      On July 19, 2020, Midland Credit Management Inc. sent Plaintiff a collection letter in an attempt to collect the alleged debt. Within the letter, Midland Credit Management Inc. represented itself as the creditor of Plaintiff's debt.

8.      Midland Credit Management is regularly regarded as a servicer of debts for Midland Funding, a sister company, not a purchaser of debts. At all relevant times, MCM was not a purchaser of debts.

9.      However, Synchrony Bank's transfer of Plaintiff's alleged debt to MCM was not valid.

10.     Nonetheless, within the Complaint, MCM represented to Plaintiff and the Court that the current creditor of Plaintiff's debt is Midland Credit Management Inc.

11.     Accordingly, by sending the letter, MCM misrepresented its ability to collect said debt in violation of the FDCPA.

12.     In the alternative, if MCM did in fact purchase Plaintiff's alleged debt from Synchrony Bank, the sale of this alleged debt is subject to relevant conditions that Synchrony Bank imposes on its debt purchasers.

13. Synchrony Bank contracts of sale (a/k/a Forward Flow Agreements) for defaulted debt provide specific limitation on the ability of its debt purchasers to make any collection attempts while alleged debtors are in disaster areas as determined by FEMA or any other appropriate government entity.

14. Accordingly, on the alternative that MCM did in fact purchase Plaintiff's alleged debt form Synchrony Bank, said Forward Flow, evidencing proof of sale, prohibits MCM from seeking to collect against Sipple's alleged debt, while Sipple resides in a disaster area.

15. The state of affairs in Missouri, and frankly the whole world, is well known. The Covid-19 pandemic has wreaked havoc across the world, the United States, and New Jersey.

16. On March 13, 2020, Governor Parson issued an executive order declaring a State of Emergency across the entire State.

17. On March 13, 2020, President Donald Trump declared a nationwide emergency, including for the State of Missouri, as recognized by the Federal Register.

18. Despite the fact that Plaintiff clearly resided in a disaster area in July 2020, MCM sent the collection letter.

19. Given the express conditions of sale, MCM misrepresented its ability to collect Plaintiff's debt by sending the collection letter in July 2020. Accordingly, MCM has violated the FDCPA.

20. MCM's illegitimate lawsuit has also brought fear, anxiety, loss of sleep, undue stress, and expense upon Plaintiff.

## CLASS ACTION ALLEGATIONS

### The Class

21. Plaintiff brings this as a class action pursuant to FRCP Rule 23 on behalf of herself and all others similarly situated who have received similar debt collection attempts from MCM, which, as alleged herein, are in violation of the FDCPA.

22. The classes are defined as follows:

> **Incorrect Creditor Class:** All consumers within Missouri that have received a collection letter from Midland Credit Management for debts owned by another, for debts incurred for personal, familial, or household use, within one year of the filing of this complaint.
>
> **Disaster Area Collection Class:** All consumers within Missouri that have received collection attempts from Midland Credit Management, for debts originating with Synchrony Bank, while said consumers were in Disaster Area's as designated by FEMA or State Governments for debts incurred for personal, familial, or household use, within one year of the filing of this complaint.

### Numerosity

23. Upon information and belief, MCM, has made hundreds of collection attempts misrepresenting MCM's ability to collect the debts each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

24. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from the records of MCM and Pressler.

### Common Questions of Law and Fact

25. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. Common questions of law and fact include

4

whether there were violations of the FDCPA, and what is the appropriate statutory formula of compensation for victims of said unlawful conduct.

### Typicality

26.   Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

27.   Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

### Proceeding Via Class Action is Superior and Advisable

28.   A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

29.   The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

30.   Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

31.   A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

32.     Absent a class action, the Class members will continue to suffer losses borne from MCM breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) the illegal conduct to proceed and; (b) allowing MCM to enjoy the benefit of their ill-gotten gains.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

33.     By seeking to collect the debt from Plaintiff for a debt that is not owned by MCM, MCM made false and deceptive representations to Plaintiff in violation of 15 U.S.C. §§ 1692e, e(2), e(5), e(10), and f.

34.     By seeking to collect Plaintiff's debt which was not collectible, but nonetheless representing them as collectible, MCM made false and deceptive representations to Plaintiff in violation of 15 U.S.C. §§ 1692e, e(2), e(5), e(10), and f.

WHEREFORE, Plaintiff respectfully requests that this Court do the following:

A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiffs' Counsel as Lead Counsel;

B. Enter judgment against MCM for statutory damages, 15 U.S.C. § 1692k(a)(2)(A) and (B), for the named Plaintiff and each member of the class;

C. Enter judgment against MCM for actual damages, 15 U.S.C. § 1692k(a)(2)(A) and (B), for the named Plaintiff and each member of the class;

D. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)3;

E. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Counterclaim Plaintiff demands a jury trial on all issues so triable.

Dated this 17th day of July 2021.

Respectfully Submitted,

/s/ *Daniel Zemel*
Daniel Zemel, Esq.
ZEMEL LAW, LLC
660 Broadway
Patterson, New Jersey 07514
Phone: (862) 227-3106
Fax: (973) 282-8603
dz@zemellawllc.com
Attorneys for Plaintiff