# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| **REBECCA BRANUM, individually, and on behalf of all others similarly situated,** | ) ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) Case No. 1:21-cv-105 SNLJ ) |
| **MIDLAND CREDIT MGMT., INC.,** | ) ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

Plaintiff Rebecca Branum filed this putative class action against defendant Midland Credit Management, Inc. ("MCM") alleging that MCM violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq., when it sent a letter to her in an attempt to collect a debt that plaintiff owed on her Lowes credit card, which was issued by Synchrony Bank ("Synchrony").

This is not the first time plaintiff has filed such a lawsuit. Plaintiff filed her first lawsuit, *Branum I*, on October 13, 2020, based on a letter MCM sent dated February 2020. This case, *Branum II*, is based on a letter MCM sent dated July 2020.

This Court granted defendant's motion to compel arbitration in *Branum I* in August 2021 and dismissed the lawsuit. Now that plaintiff has filed a second lawsuit, defendant moves for summary judgment based on res judicata, or, in the alternative, to compel a single arbitration of *Branum I*.

Plaintiff concedes that this case should be arbitrated, but that a separate parallel arbitration should be conducted based on the second dunning letter.  Plaintiff also contends that this Court should not reach defendant's arguments about res judicata and claim splitting because the arbitrator is the proper tribunal to decide those issues.

Defendant asserts, and plaintiff does not dispute, that two separate arbitrations would result in double the administrative fees, duplication of attorney time and effort, and possibly (as discussed below) multiple damages awards for the same alleged conduct.

This Court will first address plaintiff's contention that the arbitrator, and not this Court, should decide the matters of res judicata and claim splitting.  Plaintiff suggests this Court rely on the *forum non conveniens* doctrine to determine that the matter is appropriately decided by the arbitrator.  Defendant maintains the doctrine is inapplicable. Indeed, the purpose of a *forum non conveniens* inquiry is to "ensure that trial is held at a convenient situs." *Est. of I.E.H. v. CKE Restaurants, Holdings, Inc.*, 995 F.3d 659, 663 (8th Cir. 2021). Where trial will be held is not an issue before the Court. Rather, the issue is whether this Court should determine the *res judicata* effect of its own judgment before it compels this case to arbitration. As a matter of law, claims of *res judicata* based on a prior federal judgment must be decided by the district court before compelling or enjoining arbitration. *See, e.g.*, *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 137 (3d Cir. 1998) (citing *In re Y & A In re Y & A Group Sec. Litig.*, 38 F.3d 380, 382 (8th Cir.1994); *Kelly v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 985 F.2d 1067, 1069 (11th Cir.1993); *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 499 (5th Cir.1986); *see also Miller v. Runyon*, 77 F.3d 189, 194 (7th Cir.1996) (collecting

2

cases)). Thus, the doctrine of *forum non conveniens* does not compel this Court to refer the issue of the *res judicata* effect of its November 18, 2021 judgment to the arbitrator.

Having determined this Court has the authority to reach the merits of defendant's motion, the Court first addresses defendant's argument that *res judicata* precludes plaintiff from maintaining this separate lawsuit. *Res judicata* precludes relitigation of claims or theories that were actually raised by a party in a prior lawsuit, and it also precludes relitigation of claims or theories that <u>could</u> have been raised. *Clark v. Mell*, No. 19-cv-823, 2019 WL 4918106, at *4 (E.D. Mo. Oct. 4, 2019).

To determine whether a final judgment bars a subsequent suit, the Court considers whether four requirements are met:  (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involved the same parties or those in privity with them; and (4) both suits are based upon the same claims or causes of action, which the Eighth Circuit has held means that the claims arise out of the same nucleus of operative facts. *Hankins v. Bredeman*, No. 19-cv-189, 2020 WL 3128922, at *4 (E.D. Mo. June 12, 2020).  Here, there is no dispute that the first three factors are met.  Plaintiff only disputes that the suits are not based on the same claims or causes of action.

Defendant contends that the two lawsuits are both based on defendant's attempt to collect on plaintiff's Lowes credit card account.  Even though defendant sent two letters—one in February 2020 and on in July 2020—defendant maintains that plaintiff could have easily brought her FDCPA-based lawsuit on both letters when she filed *Branum I* in October 2020.

3

Plaintiff argues that her lawsuits are not based on the same claim or causes of action because they rely on two "different theories" of liability. Plaintiff notes that the second dunning letter, sent in July 2020, was sent after Missouri's governor had declared a state of emergency regarding the COVID-19 pandemic, and as a result defendant was legally unable to collect on the debt then. Plaintiff has no such argument with respect to the February 2020 dunning letter on which *Branum I* was based.

But issues that were—or could have been—raised in a prior lawsuit are precluded by res judicata. *Walton v. Bilinski*, No. 4:15-cv-36, 2018 WL 782990, at *4 (E.D. Mo. Feb. 8, 2018). Plaintiff could have brought her claims regarding the July 2020 dunning letter, which related to the same account as the February 2020 dunning letter, in the October 2020 lawsuit. It is clear that causes of action arise out of the same nucleus of operative facts, as both cases revolve around defendant's attempt to collect on plaintiff's Lowes credit account. *See Spector v. Accredited Home Loans, Inc.*, No. 4:19-cv-03165 SJC, 2020 WL 1513368, at *5 (E.D. Mo. Mar. 30, 2020), aff'd, 838 F. App'x 210 (8th Cir. 2021) (holding that where both cases revolve around defendants' right to foreclose on property and the actions they took in attempting to do so, the cases involve the same nucleus of operative facts, despite that the claims and causes of action were not identical). If the nucleus of operative facts is the effort to collect on the account, then the lawsuit is barred by res judicata. Plaintiff essentially argues that the COVID-19 pandemic adds a new wrinkle that changes the nucleus of operative facts. But she still argues that the July letter violated the FDCPA. Critically, the FDCPA allows for statutory damages of up to $1,000, plus reasonable attorneys' fees and costs for a successful claim. 15 U.S.C. §

4

1692(k). Those statutory damages are limited to $1,000 per action, <u>not per violation</u>. 15 U.S.C. § 1692k(a)(1) (stating that "in the case of any *action* by an individual, such additional damages as the court may allow, but not exceeding $1,000," emphasis added); *Morgan v. Vogler L. Firm, P.C.*, No. 4:15-CV-1654 SNLJ, 2018 WL 1792207, at *1 (E.D. Mo. Apr. 16, 2018) (holding that the FDCPA allows for up to $1,000 per action, not per statutory violation); *Peter v. GC Services*, 310 F.3d 344, 352, n.5 (5th Cir. 2002) ("statutory damages for violation of the FDCPA in § 1692k are limited to actual damages, plus maximum statutory damages of $1000 per action, not per violation); *Wright v. Finance Services of Norwalk, Inc*., 22 F.3d 647, 650-51 (6th Cir. 1994) (additional damages limited to $1,000 per proceeding, even though defendant committed fourteen violations: "Congress certainly knows how to write statutes that make each separate violation subject to a separate penalty, or even that make each separate day of a violation a separate offense subject to a separate penalty.") (citations omitted); *Harper v. Better Business Services, Inc*., 961 F.2d 1561, 1563 (11th Cir. 1992) (additional damages limited to $1,000 even though defendant committed seven violations: "The FDCPA does not on its face authorize additional statutory damages of $1,000 per violation of the statute, of $1,000 per improper communication, or of $1,000 per alleged debt. If Congress had intended such limitations, it could have used that terminology.").  Thus, it appears plaintiff's tactic is at best an attempt to evade the statutory cap on recovery and does not arise from a different nucleus of operative fact.

    *Res judicata* applies to this matter because this case and *Branum I* both arise from the same nucleus of operative fact.  This matter should therefore be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment is GRANTED.

Dated this 4th day of August, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE